Dear Mr. Molaison:
You have requested an opinion of the Attorney General in your capacity as City Attorney of the City of Westwego (City) regarding the Westwego Housing Authority (Authority). You specifically ask the procedures to be followed for the dissolution of the Authority.
In answer to your question, we refer you to R.S. 40:541 which provides the following:
"§ 541. Dissolution of local housing authorities
 Any local housing authority may, by written resolution, elect to dissolve, provided that no such dissolution or any transfer of property pursuant to dissolution shall occur unless all of the following conditions are met:
 (1) The governing body of the municipality or parish which established the local housing authority so dissolving shall have consented thereto.
 (2) The dissolving authority shall have designated another local housing authority or another municipality, parish, or public agency of this state, which may be the municipality or parish for which the authority was formed, as the transferee of its assets and liabilities in dissolution.
 (3) The local housing authority, municipality, parish, or other public agency receiving such property or assets and the political subdivision which established its consent thereto by resolution.
 (4) All obligees of bonds or other evidences of indebtedness of such transferring or dissolving authority, or the trustees for such obligees, or the federal government if the bonds or other obligations are secured by any contract right pursuant to a contract between the transferring authority and the federal government, shall have consented thereto in writing, or adequate provision shall have been made for the payment of such bonds or other obligations, by escrow or otherwise, the performance without breach or default of an obligation secured only by one or more developments or the income thereof shall be deemed to `adequate provision'. Further, no such transfer shall in any way diminish or impair the obligations of any transferring authority."
We further draw your attention to R.S. 40:542 which provides for the rights and obligations upon dissolution. It provides as follows:
"§ 542. Rights and obligations upon transfer, dissolution
 Within a reasonable time subsequent to approval by all necessary parties of a local housing authority's resolution to dissolve, the authority shall transfer its assets and liabilities to the transferee designated in the resolution. Upon the transfer of any of the authority's property, the receiving local housing authority, municipality, parish or other public agency shall have all right, title, and interest in and to such property and all duties and obligations arising out of the transfer of such property as the transferring authority had. Upon dissolution and transfer, all rights, contracts, agreements, obligations, and property, real and personal, of such transferring authority shall be in the name of, and vest in, such receiving local housing authority, municipality, parish, or other public agency, and all obligations of such transferring local housing authority shall be the obligations of such transferring municipality, parish or other public agency. All rights and remedies of any person against such transferring local housing authority may be asserted, enforced, and prosecuted against such receiving local housing authority, municipality, parish, or other public agency. All rights and remedies of any person against such transferring local housing authority may be asserted, enforced, and prosecuted against such receiving local housing authority, municipality, parish, or other public agency to the same extent as they might have been asserted, enforced, and prosecuted against such transferring local housing authority.
Finally, we refer you to Section 543 which provides:
"§ 543. Area of operation after dissolution.
 After any dissolution and transfer, notwithstanding anything contained in R.S. 43:396, the area of operation of the receiving local housing authority shall include, nonexclusively, the area of operation of the transferring local housing authority.
These statutory provisions appear to be self-explanatory; however, should you need any assistance or have any additional questions concerning same, please do not hesitate to contact us.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/dra